[Cite as *State v. Withrow*, 2016-Ohio-2884.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-632 |
| | : | |
| TIMOTHY M. WITHROW | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . 

O P I N I O N

Rendered on the 6th day of May, 2016.

. . . . . . . . . . 

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

GREGORY K. LIND, Atty. Reg. No. 0055227, One South Limestone Street, Ground Floor, Suite D, Springfield, Ohio 45502
    Attorney for Defendant-Appellant

. . . . . . . . . . . . 

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Timothy Withrow, appeals from his conviction and sentence on two counts of Aggravated Robbery. Following his guilty plea, Withrow was sentenced to nine years in prison on each charge, with the terms imposed consecutively, for a total prison term of 18 years.

**{¶ 2}** In support of his appeal, Withrow contends that the trial court abused its discretion by failing to impose the shortest prison term authorized by statute. Withrow further contends that the trial court erred in imposing consecutive sentences. Finally, Withrow contends that he should not have been convicted of Aggravated Robbery because elements of the offense are lacking.

**{¶ 3}** We conclude that the trial court's sentence, while harsh, complied with the sentencing requirements and was not clearly and convincingly unsupported by the record. We further conclude that Withrow's guilty pleas to Aggravated Robbery were admissions of the elements of the crime, and cannot be challenged on direct appeal. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 4}** Withrow's convictions arose from a series of robberies committed during a three-day span in September 2014. At the time, Withrow was 27 years old and had been a heroin addict for about a year. The two counts of Aggravated Robbery to which Withrow pled involved robberies at Doc's Drive Thru and Subway Restaurant in Springfield, Ohio.

**{¶ 5}** On September 13, 2014, Withrow brandished a weapon at a cashier at Doc's

Drive Thru and demanded money. He received about $200 in cash and fled on foot. No one was injured as a result of the robbery. On September 14, 2014, Withrow entered a Subway restaurant and demanded money. He had a weapon, and received $150 in cash. Again, no one was injured. Charges relating to the third robbery were dismissed, pursuant to a plea bargain, but that robbery apparently occurred at a BP Station on September 15, 2014.

{¶ 6} On September 29, 2014, Withrow was indicted for three counts of Aggravated Robbery, a first-degree felony, with respect to the robberies. Each charge also carried a gun specification. On January 23, 2015, Withrow pled guilty to Counts One and Two, and the court dismissed Count Three, as well as the gun specifications. The trial court then ordered a presentence investigation ("PSI").

{¶ 7} Prior to sentencing, Withrow filed a sentencing memorandum, indicating that he had four minor children, whom he and their mother had been raising together. He and his family had been living in a house that he was purchasing, and he was gainfully employed at D.H.L. as a forklift driver. Withrow subsequently became addicted to pain pills, which escalated to a heroin addiction. Since being incarcerated at the Clark County Jail, Withrow had been attending treatment from McKinley Hall to address his addiction issues.

{¶ 8} The State did not file a sentencing memorandum. At the sentencing hearing, which was held on February 25, 2015, the trial court noted that it had read a letter written on Withrow's behalf, and had also reviewed the sentencing memorandum and the PSI.

{¶ 9} The letter, from Withrow's sister, indicated that Withrow had been raised in a

single-parent home, with a young mother who struggled financially. In the first few years of Withrow's life, he witnessed an alcoholic father who abused their mother, mentally and physically. The PSI indicated that Withrow felt he had a good childhood, but that his mother smoked marijuana and his father abused alcohol. In addition, his parents fought a lot.

{¶ 10} According to the PSI, Withrow had a fairly extensive juvenile record, beginning at almost 14, when he was declared unruly and placed on probation. In February 2002, when Withrow was 15, he was charged with Breaking and Entering and was committed to the Department of Youth Services (D.Y.S.), with the commitment suspended. He then had further charges, including Breaking and Entering in October 2002, and Aggravated Burglary and Theft in November 2002. He was again committed to D.Y.S., with the commitment suspended. In June 2003, when Withrow was 17, he was charged with Breaking and Entering, and was again committed to D.Y.S., with the sentence suspended.

{¶ 11} From that time until September 2014, Withrow incurred only minor traffic offenses as well as a Domestic Violence charge in February 2005, which was reduced to a lesser offense. Therefore, Withrow had no adult felony convictions and had led a primarily law-abiding life for a substantial period of time.

{¶ 12} The PSI noted that Withrow had related a significant chemical abuse history: he first smoked marijuana at age 13; he first used cocaine when he was 14; he first used crack cocaine when he was 15; he first used Percocet and Vicodin when he was 17; and he first used heroin when he was 26. He had also huffed gasoline between the ages of 11 and 13. His last use of marijuana, cocaine, crack cocaine, and heroin

was on September 17, 2014, or shortly before his arrest for the charges involved in the case before us.

{¶ 13} No victims spoke at the sentencing hearing. Withrow made the following comments to the court:

First of all, I'd like to tell the people, if they are here, that when this offense occurred that I sincerely apologize. I'm sorry. And I'm broken for what I done [sic] and what I do. I am an addict. A year-and-a-half ago my life was good for me and my four kids and my family and, you know, my problems started when I began using prescription medication, and I found heroin to be easier to get and it just became a big problem. My addiction grew and it became a terrible habit.

It wasn't long before my life revolved around it and every day was a panic just to find a way to stay well. And I lost my self-worth and self-respect and my job and I lost my home. I lost my family. This thing that I was doing and the situations I put myself in, I didn't see what I was doing.

You know, I thank God today that what happened did happen. I believe that if it didn't, you know, it could have been worse.

Since I have been in jail, I have struggled through physical, mental and emotional and battled with myself for what I have done, for all the hurt and destruction that I put on myself and the people around me.

I am glad that I no longer have to wake up sick. The hassle with being sick and doing the drugs. Every day I think about the fear and resentment and self-pity that has been removed from my life.

I owe my life to God which has made all the good things possible in my life. I might be in a terrible situation but I can just look for the positive things that's going on in my life. And I since I have been in jail, I have participated in N.A. groups and A.A. groups, McKinley Hall groups. I graduated a parenting program called *On My Shoulders*, and I just want to be a better father and a better member of my community. That's all I have to say.

And I know when I fail to plan, I plan to fail. And I do have plans for whenever I do get out. Thank you.

Transcript of February 25, 2015 Sentencing Hearing, pp. 4-6.

{¶ 14} After considering the above matters, the trial court concluded that Withrow's "history of criminal conduct[,] more specifically, delinquent conduct, demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." *Id.* at p. 8. The court further stated that "And that at least two of these multiple offense [sic] were committed as a part of a course of conduct and the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of his conduct." *Id.* at pp. 8-9. The court, therefore, sentenced Withrow to nearly the maximum sentences on each crime, and imposed the sentences consecutively, for a total of 18 years in prison.

{¶ 15} Withrow now appeals from his convictions and sentences.

## II. Imposition of Shortest Prison Term Authorized

{¶ 16} Withrow's First Assignment of Error states that:

The Court Abused Its Discretion by Failing to Impose the Shortest

Prison Term Authorized by Section 2929.14(A)(1) and 2929.14(B) of the

Ohio Revised Code.

{¶ 17} Under this assignment of error, Withrow contends that the trial court abused its discretion by failing to impose the shortest sentence that was statutorily authorized. In this regard, Withrow focuses on the fact that the range of sentences for his crimes was three to 11 years; that his conduct was less serious than conduct normally constituting the offense; and that there were substantial grounds in mitigation, including that he had no adult criminal record other than a Domestic Violence case, that no one was harmed, and that his actions were due to a recent heroin addiction. In response, the State argues that the sentence is supported by the record, and that the trial court made the appropriate findings.

{¶ 18} The crimes to which Withrow pled guilty were first-degree felonies, and the potential range of sentences was from three to eleven years in prison. *See* R.C. 2929.14(A)(1). The trial court's sentence was not the maximum penalty, but was in the upper range for the crimes.

{¶ 19} As an initial matter, we note that even though Withrow asserts that our court applies an abuse of discretion standard in reviewing sentences, this is incorrect. We have said many times that we no longer apply an abuse of discretion standard. *See, e.g., State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.); *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 15; *State v. Mabra*, 2d Dist. Clark No. 2014-CA-147, 2015-Ohio-5493, ¶ 43. The Supreme Court of Ohio has recently agreed with this position. *State v. Marcum*, Slip. Op. No. 2016-Ohio-1002. As a result, we will

apply the standard approved by the Supreme Court of Ohio, which states that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. In other words, an appellate court need not apply the test set out by the plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124." *Id.* at ¶ 1.

{¶ 20} In reviewing sentences, we are thus constrained by the standard of review in R.C. 2953.08(G), which provides that, after reviewing the record:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929. 20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 21} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. *Accord State*

*v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14.   Nonetheless, the court "must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citations omitted.)   *Nelson* at ¶ 62.

{¶ 22} In its sentencing entry, the trial court stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12.   Doc. #22, p. 1.   The sentences were within the statutory range, even though they were on the high end, and the trial court stated that it had considered Withrow's prior criminal history.   While we may not have imposed such a harsh sentence, our review in sentencing is extremely deferential, because the " 'the "clear and convincing" standard used by R.C. 2953.08(G)(2) is written in the negative.   It does not say that the trial judge must have clear and convincing evidence to support its findings.   Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' "   *State v. Salyer*, 2d Dist. Champaign No. 2013-CA-60, 2015-Ohio-2431, ¶ 21, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).   Again, this is the standard approved by the Supreme Court of Ohio.   *Marcum,* Slip. Op. No. 2016-Ohio-1002, at ¶ 1.

{¶ 23} In *Marcum*, the court also commented that:

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court.   That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly

contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Id.* at ¶ 23.

{¶ 24} In view of the deference we must give to the trial court, we cannot say that the court erred in failing to impose the shortest term available for Withrow's crimes. Accordingly, the First Assignment of Error is overruled.

### III. Consecutive Sentences

{¶ 25} Withrow's Second Assignment of Error states that:

The Trial Court Erred and Abused Its Discretion in Imposing Consecutive Sentences on the Appellant Totaling 18 Years in Prison.

{¶ 26} Under this assignment of error, Withrow contends that the trial court should have imposed mid-level, concurrent sentences, in view of the evidence before the trial court. Again, our review is not for abuse of discretion.

{¶ 27} If a defendant challenges a trial court's consecutive-sentence findings, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' " *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 28} "There are two ways that a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are *contrary to*

*law* because the court failed to make the necessary findings required by R.C. 2929.14(C)(4)." (Emphasis sic.)  *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, ¶ 17, citing R.C. 2953.08(G)(2)(b) and *Bonnell* at ¶ 29.  "Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4)."  *Id.*, citing R.C. 2953.08(G)(2)(a) and *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197 (8th Dist.).

{¶ 29} R.C. 2929.14(C)(4) is an exception to the presumption in favor of concurrent sentences in R.C. 2929.41(A).   In this regard, R.C. 2929.14(C) provides that:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 30} Withrow concedes that the trial court made the required statutory findings, and we agree that there was no error in this regard. The trial court made the appropriate statements, as well as additional findings under R.C. 2929.14(C)(4)(b) that "the harm caused by two or more of the multiple offenses * * * was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct;" and R.C. 2929.14(C)(4)(c) that Withrow's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public.

{¶ 31} In *Bonnell,* the Supreme Court of Ohio stressed that a trial court "has no obligation to state reasons to support its findings" in connection with the statutory findings required to impose consecutive sentences under R.C. 2929.14(C)(4). *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. As a result, the trial court properly fulfilled its obligation in this regard, and there was no error.

{¶ 32} Regarding the second potential basis for error, i.e., that the sentence is clearly and convincingly unsupported by the record, we note that trial courts are guided by the sentencing principles in R.C. 2929.11. They are also required to consider the sentencing factors in R.C. 2929.12, but "need not articulate their considerations explicitly on the record." *State v. Mabra*, 2d Dist. Clark No. 2014-CA-147, 2015-Ohio-5493, ¶ 56. Instead, "even a silent record raises the presumption that the trial court considered the

factors contained in R.C. 2929.12." *Id.*, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. (Other citation omitted.)

{¶ 33} R.C. 2929.12(B) contains a list of nine factors indicating that an "offender's conduct is more serious than conduct normally constituting the offense * * *."   As was noted, the trial court stated, in imposing consecutive sentences, that the harm caused by Withrow's multiple crimes was so great or unusual that no single term would adequately reflect the seriousness of Withrow's conduct.

{¶ 34} Although not one of the factors listed in R.C. 2929.12(B) was present, R.C. 2929.12(B) does allow trial courts to consider any other relevant factors that would make an offender's conduct more serious than conduct normally constituting the offense. Withrow was very aggressive towards the victims. He pointed a gun at the individuals being robbed, and pointed a gun into the back of one of the victims.

{¶ 35} The trial court also stated in the sentencing hearing that Withrow's "criminal history, specifically delinquent conduct," demonstrated that consecutive sentences were necessary to protect the public.   Transcript of February 25, 2015 Sentencing Hearing, p. 8.   This was a finding under R.C. 2929.14(C)(4)(c).

{¶ 36} As was noted, Withrow had a fairly substantial juvenile record.   However, after Withrow turned 18 in November 2004, he had no felony convictions and appeared to have led a law-abiding life for almost ten years, other than incurring what appears to have been a misdemeanor domestic violence conviction in 2005 and a few convictions for traffic offenses.   Withrow was also addicted to heroin, had expressed significant remorse for his actions, and had pursued treatment while incarcerated.   The prior delinquency indicates a potential for recidivism, a factor under R.C. 2929.12(D) that

indicates a likelihood to commit future crimes. The effect of that factor is diminished by Withrow's relative lack of transgressions in the ten years after he became an adult. As to factors indicating a likelihood that Withrow would not commit future crimes, the only negative factor, again, is his delinquency as a child. See R.C. 2929.12(E).

{¶ 37} Despite these facts, "*appellate courts are prohibited from substituting their judgment for that of the trial judge.*" (Emphasis sic.) *State v. Overholser*, 2d Dist. Clark No. 2014-CA-42, 2015-Ohio-1980, ¶ 38 (Welbaum, J., dissenting). As a result, we must affirm the decision of the trial court even though we might be persuaded that the trial court's decision in this regard "constitutes an absence of the exercise of discretion * * *." *Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, at ¶ 35 (Hall, J., dissenting).

{¶ 38} This is an extremely close case in which the outcome differs based upon how the standard of review in R.C. 2953.08(G)(2) is applied to the facts of the case. Appellate judges sometimes disagree with sentences, yet affirm based upon the applicable standard of review set forth in R.C. 2953.08(G)(2). This statute provides that where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings. The restriction applies to appellate courts, not trial judges. It is a very deferential standard of review, prohibiting appellate courts from substituting their judgment for that of trial judges. *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, at ¶ 31, citing *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶ 21. Therefore, the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial

court's findings. *Id.* As was noted, the Supreme Court of Ohio has recently approved this standard. *Marcum*, Slip Op. No. 2016-Ohio-1002.

{¶ 39} The dissenting opinion in *Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, is correct in that the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result. *Id.* at ¶ 26 (Hall, J., dissenting).

{¶ 40} In this case, the record supporting the trial court findings is thin, but does not overwhelmingly support a contrary result concerning the imposition of consecutive sentences. Based on the facts the trial court outlined, it is difficult to clearly and convincingly find that that the record fails to support the trial court's consecutive sentence findings. "[E]ven a record that is largely silent is not clearly and convincingly contrary to a trial court's consecutive-sentencing determination unless there is substantial affirmative factual information in support of the defendant to conclude that the trial court is clearly wrong." *Kay* at ¶ 27 (Hall, J., dissenting). Here, the factual information in the record indicates the trial court's findings are debatable, but are not clearly wrong.

{¶ 41} The consecutive sentence finding that is debatable is whether "consecutive sentences are not disproportionate * * * to the danger the offender poses to the public." Admittedly, there are aspects of the record that are troubling about this finding, like the fact that Withrow is a first time adult felony offender, and that he had led a substantially law-abiding life for quite a few years prior to his heroin addiction.

{¶ 42} While Withrow's lack of an adult criminal record tends to indicate that he poses a minimal danger to the public, other parts of the record support the trial court's finding that consecutive sentences are not disproportionate to the danger he poses.

Specifically, Withrow engaged in a course of criminal conduct over a three-day period of time. The fact that the crime was not a one-time incident, but was an ongoing criminal endeavor against multiple victims, indicates that he has the ability to continue down a criminal path, thereby exhibiting a sustained danger to members of the public. The aggressive manner in which Withrow committed the crimes carries weight. Moreover, although the imposition of consecutive sentences must not be disproportionate to the seriousness of the harm, the harm need not be physical.

{¶ 43} Based on the preceding discussion, the Second Assignment of Error is overruled.

IV. Conviction for Aggravated Robbery

{¶ 44} Withrow's Third Assignment of Error states that:

The Appellant Should Not Have Been Convicted of Aggravated Robbery When the Elements of the Offense are Lacking. Thus, the Appellant was Deprived of His Right to Due Process in Violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10, of the Ohio Constitution.

{¶ 45} Under this assignment of error, Withrow contends that he should not have been convicted for Aggravated Robbery because the weapon he displayed or used during the thefts was a pellet gun, rather than a deadly weapon. This potential fact was not mentioned prior to the plea, and was simply mentioned to the probation department during the PSI. No gun was ever located.

{¶ 46} The indictment alleged, with respect to both Counts One and Two, that

Withrow had violated R.C. 2911.01(A)(1). In pertinent part, R.C. 2911.01(A)(1) states that:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it * * *.

{¶ 47} After Withrow pled guilty to both violations of R.C. 2911.01, the trial court accepted the plea, and found Withrow guilty. The effect of a guilty plea is "a complete admission of the defendant's guilt" concerning the offenses for which the plea is entered. Crim.R. 11(B)(1). A guilty plea "provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. As a result, by pleading guilty, Withrow admitted that he had used a deadly weapon in committing his theft offenses, and he cannot challenge that admission in this proceeding.

{¶ 48} Based on the preceding discussion, the Third Assignment of Error is overruled.


IV. Conclusion

{¶ 49} All of Withrow's assignments of error having been overruled, the judgment of the trial court is affirmed.

FAIN, J., concurs.

DONOVAN, P.J., dissenting:

{¶ 50} I dissent. This consecutive sentence of eighteen years is more than harsh.

{¶ 51} The fact that the trial court's judgment is subject to a deferential standard of review under *Marcum* does not immunize it from meaningful appellate review. The *Marcum* decision has not dispatched appellate review into oblivion. "Judges, policymakers and commentators have all lamented that restoring judicial discretion will return us to the bad old days of 'lawless' sentencing. Sentencing authority need not be a binary choice between rigid rules and personal predilections of judges. As Sir James Fitzjames Stephen explained more than a century ago, judicial discretion need not be 'wholly personal and subject to no regulations at all.' "[1] Unquestionably, these two convictions for aggravated robbery are serious offenses and warrant imprisonment, but I clearly and convincingly find that consecutive terms are not supported on this record.

{¶ 52} Our analysis should begin with the fact that concurrent sentences are not just a guideline or recommendation under Ohio's sentencing scheme, they constitute a benchmark. R.C. 2929.14(C)(4) is an exception to the presumption of concurrent sentences set forth in R.C. 2929.41(A). In 1996, the Ohio General Assembly enacted this major statutory revision of felony sentencing, which, inter alia, limited judicial discretion regarding the imposition of consecutive sentences and established a presumption in favor of concurrent sentences. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part

---

[1] Carissa Byrne Hessick & Douglas A. Berman, *Towards A Theory of Mitigation*, 96 B.U.L. Rev. 161, 218 (2016), citing James Fitzjames Stephen, *Variations in the Punishment of Crime*, 17 Nineteenth Century, 755, 766 (1885).

IV, 7136, effective July 1, 1996.

{¶ 53} Pursuant to R.C. 2929.11:

A)   A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.   The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary buden on state or local government resources.   To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

B)   A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 54} This enactment of the Ohio legislature cannot be repeatedly overlooked and trivialized.[2]   Although the legislature recognizes a discretionary exception for multiple

---

[2] *See State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082 (2d Dist.); *State v. Hicks*, 2d Dist. Greene No. 2015 CA 20, 2016-Ohio-1420; *State v. Overholser*, 2d Dist. Clark No. 2014 CA 42, 2015-Ohio-1980; *State v. Adams*, 2d Dist. Clark No. 2014 CA 13, 2015-Ohio-1160; *State v. Wells*, 2015-Ohio-3511, 41 N.E.3d 216 (2d Dist.); *State v. Morefield*, 2d Dist. Clark No. 2015 CA 4, 2015-Ohio-4713.

offenses when certain findings are made, such findings should not completely preclude meaningful appellate review. The trial court must give serious consideration to the departure from concurrent terms and not utilize consecutive terms as the presumptive starting point. Concurrent terms for Withrow could have been as great as 11 years. It is difficult to comprehend how 9 or 11 years are not the minimum which will accomplish the purposes of felony sentence without imposing an unnecessary burden on state correctional resources. Merely labeling the harm "as so great or so unusual" is insufficient. Our review of the record must include whether the presumption was overcome by the findings set forth in R.C. 2929.14(C)(4). Here this subjective finding of "harm so great or unusual" is wholly without support in the record. Notably, the fact that a victim(s) suffers serious physical, psychological or emotional harm is, likewise, a consideration under R.C. 2929.12(B)(2), making an offender's conduct more serious than conduct normally constituting the offense. However, although the PSI contains photos of an aggravated robbery, there are no victim impact statements either oral or written which establish a serious physical, psychological, or emotional injury greater than the normal offense of a convenience store robbery.

{¶ 55} I'd also note the pre-sentence report erroneously indicates that Withrow has one or two prior adult felony convictions.[3] However, the record attached to the pre-sentence investigation report establishes that Withrow has no felony arrests or

_____

[3] Attached to the PSI is an Ohio Risk Assessment System Report (ORAS) and at page 1 thereof it indicates "Number of Prior Adult Felony Convictions" as "One or Two." I'd acknowledge that "ORAS is a work in progress and is not a litmus test for sentencing." *State v. Jennings*, 2d Dist. Clark No. 2013-CA-60, 2014-Ohio-2307, ¶ 28. However, the information contained therein should be completely accurate.

convictions as an adult. Withrow's solitary misdemeanor adult conviction resulted in ten days of local jail time after the original misdemeanor domestic violence charge was reduced to an unidentified lesser offense. Furthermore, the trial court assumed it was a domestic violence conviction, ostensibly a fourth degree misdemeanor, but it may just as readily have been a reduction to disorderly conduct. Nevertheless, there should be no speculation on this point by the trial court.

{¶ 56} I recognize that Withrow has a juvenile record, but it does not include any violent conduct and it occurred twelve to thirteen years ago when he was sixteen or seventeen years of age; he is now thirty. This lengthy gap of no prior adult felony criminal activity and a singular criminal misdemeanor conviction as an adult was completely ignored by the trial court. Furthermore, there are no failed efforts in drug treatment by Withrow as an adult, yet it is undisputed that he committed these crimes due to a heroin addiction. He also has a demonstrated employment history along with four children to support.

{¶ 57} Mr. Justice Stewart, while on the United States Court of Appeals for the Sixth Circuit, noted this about sentencing:

> Justice is measured in many ways, but to a convicted criminal its surest measure lies in the fairness of the sentence he receives. . . . It is an anomaly that a judicial system which has developed so scrupulous a concern for the protection of a criminal defendant throughout every other stage of the proceedings against him should have so neglected this most important dimension of fundamental justice.

*Shepard v. United States*, 257 F.2d 293, 294 (6th Cir. 1958).

**{¶ 58}** Finally, the majority suggests, relying upon the *dissent* in *Kay,* that "the factual information in the record indicates the trial court's findings are debatable but are not clearly wrong." However, the findings made to impose consecutive sentences need not be clearly wrong to justify reversal or modification. *Marcum* (not a consecutive sentencing case) adopted the clear and convincing standard set forth in *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). In *Cross*, the Ohio Supreme Court emphasized that clear and convincing is not the same as "clear and unequivocal." *Id.*, 477. I'd note that in *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, the defendant therein challenged his consecutive sentencing on two counts of rape of a child under ten years old, and the Eighth District, relying upon this Court's *majority* opinion in *Kay*, noted that " '[e]ven when one of the offenses is a conviction for murder, [R.C. 2929.14(C)(b)] still requires a finding that the course of conduct surrounding all the multiple offenses resulted in harm more egregious or unusual than the harm resulting from other multiple offenses.' " *Johnson*, ¶ 21, quoting *Kay,* ¶ 18. The Eighth District concluded that on the record before it, there was "nothing * * * about the facts of this case that resulted in harm more egregious or unusual than the harm resulting from other similar offenses." *Johnson*, *id.* This analysis applies equally here. Yet the majority herein applies a more onerous standard (debatable but not clearly wrong), contrary to our prior jurisprudence in *Kay,* which recognizes the *Cross* standard.

**{¶ 59}** I am left with a definite and firm conviction that the trial court erred by imposing a consecutive term of imprisonment which clearly and convincingly lacks support in the record. I would reverse and vacate the eighteen-year sentence and order the trial court to impose a concurrent term of imprisonment.

. . . . . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Gregory K. Lind
Hon. Douglas M. Rastatter