[Cite as *State v. Block*, 2022-Ohio-2704.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-42 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-506 and |
| | : | 2021-CR-397 |
| ANSON M. BLOCK | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of August, 2022.

. . . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090869, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
       Attorney for Plaintiff-Appellee

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, 210 West Main Street, Troy, Ohio 45373
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Anson M. Block appeals from his convictions for felony non-support of dependents and possession of cocaine. Block claims the trial court erred by sentencing him to consecutive sentences. Because the trial court made the requisite findings for the imposition of consecutive sentences and because Block has failed to demonstrate that the record does not support those findings, we affirm.

## I.     Factual and Procedural History

{¶ 2} In October 2019, Block was indicted in Miami C.P. No. 2019-CR-506 on three counts of felony non-support of dependents in violation of R.C. 2919.21(B). Block entered no contest pleas to the charges, was found guilty, and was sentenced to five years of community control sanctions.

{¶ 3} On April 24, 2021, Block was arrested on an outstanding warrant. During the arrest, police officers discovered that Block was in possession of marijuana and eight separate bags of cocaine. He was charged by complaint with trafficking in drugs in violation of R.C. 2925.03(C)(4)(c), a fourth-degree felony. Block waived his right to prosecution by indictment and consented to prosecution by information in the common pleas court in Miami C.P. No. 2021-CR-397.

{¶ 4} In May 2021, a notice of community control violation was filed in Case No. 2019-CR-506; it alleged that Block was found in possession of marijuana in April and that he had also failed to make required payments for court costs and supervision fees. Following a hearing, the trial court found that Block had committed the violations.

However, the trial court continued the community control sanctions. In August 2021, a second notice of community control violation was filed. A hearing was conducted, at which Block admitted to eight violations of the terms of his community control sanctions. The trial court revoked community control and set the matter for sentencing.

{¶ 5} On November 1, 2021, the State filed an information in Case No. 2021-CR-397 which charged Block with one count of possession of cocaine in violation of R.C. 2925.11(A)/(C)(4)(a). Block pled guilty to the charge and the matter was set for sentencing.

{¶ 6} The sentencing hearing addressed both cases. In Case No. 2019-CR-506, the trial court imposed a prison term of 12 months on each of the counts of non-support of dependents, with the three sentences to be served concurrently. In Case No. 2021-CR-397, the trial court imposed a prison term of 10 months for possession of cocaine. The court ordered the sentences in the two cases to be served consecutively, for a total prison term of 22 months.

{¶ 7} Block appeals.

## II.    Sentencing

{¶ 8} The sole assignment of error asserted by Block states:

THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES ON MR. BLOCK WAS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD

{¶ 9} Block contends that the trial court's decision to impose consecutive

sentences is not supported by the record because the offenses for which he was sentenced were not crimes of violence and because his criminal history was "largely non-violent."

{¶ 10} R.C. 2929.14(C)(4) allows a trial court to impose consecutive sentences if it finds that (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings is satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 11} "[A] trial court is required to make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). This is a "very deferential standard of review," as "the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." (Citation omitted.) *Id.* at ¶ 38. In applying this standard of review, "the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 12} Here the trial court made the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporated them into the judgment entry. Block does not argue otherwise. Instead, he argues that the record did not support the imposition of consecutive sentences.

{¶ 13} The presentence investigation report ("PSI") reflected that Block was only 13 years old when he was first adjudicated delinquent. Indeed, the PSI showed Block committed numerous offenses as a juvenile and that four of the offenses would have been

felonies had Block committed them as an adult.

{¶ 14} The PSI also indicated an extensive adult criminal history, which was summarized by the trial court as follows:

* * * It started, you went from juvenile adjudications, including felonies, straight into your adult history, so 1999, when I say straight into it, it's an underage OVI where you were given diversion. That means you could have had no conviction. Instead, you violated the terms of diversion and you were terminated from diversion, so you didn't even do that. Then, same year, you get an obstructing official business where you have four probation violations; you're revoked; and you go to jail. Same year, you get a criminal damaging, which was another great opportunity because it was reduced from felony vandalism and it's the same history where you're revoked and go to jail. 2001, you have two assaults; 2004, you go to Texas and you have an invading [sic] arrest where you're revoked and sanctioned on the probation there; 2004, another non-compliance issue because it's a violating a protection order conviction; 2006, you have trafficking and you go to prison; 2012, another opportunity, you get a reduction on an OVI; 2013, you get three counts of trafficking and go back to prison; 2014, another reduction, felony of the 3rd degree reduced to felony of the 4th degree to an attempted escape; 2016, another reduction and an opportunity, a felony possession reduced to a misdemeanor; 2016, an OVI; 2017, three more traffickings and another prison term, so that's three prison

terms all on trafficking; 2019, criminal damaging where there's two probation violations; you're revoked and you go to jail; 2020, conviction was this non-support case here where we've already said it's on your second community control violation, but then you get this case, but that's not all. There's three more misdemeanors; then you get the felony drug charge, the '21 case here today; and then after that, while that's pending, you get another misdemeanor where it's a foot chase led by you for the police.

Tr. p. 9-10.

{¶ 15} There is no dispute that Block was under a community control sentence when he committed the instant offense of possession of cocaine. The trial court also noted that Block had child support arrearages in excess of $135,000 but had not attempted to secure employment, despite that being a condition of his community control. Indeed, the PSI demonstrated that Block had a history of non-compliance with the conditions of probation and community control and that he had a history of committing new offenses while under sanctions. The PSI also showed a long history of committing criminal offenses. Indeed, Block committed criminal offenses in 17 of the last 23 years.

{¶ 16} Block's history of criminal conduct, his failure to comply with the requirements of community control and probation, and his history of committing new offenses while under a sentencing sanction supported the trial court's decision to impose consecutive sentences. Accordingly, Block's assignment of error is overruled.

### III.    Conclusion

{¶ 17} Block's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Matthew C. Joseph
Michael J. Scarpelli
Hon. Stacy M. Wall