[Cite as *State v. Monroe*, 2025-Ohio-5248.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO

 Appellee

v.

RANDOLPH MONROE

 Appellant

:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. 2025-CA-6

Trial Court Case Nos. 2024 CR 086 C-13; 2024 CR 144 C-13

(Criminal Appeal from Common Pleas Court)

**FINAL JUDGMENT ENTRY & OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 21, 2025, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

OPINION

LUCAS W. WILDER, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Randolph Monroe appeals from his convictions in the Champaign County Common Pleas Court following his guilty pleas. For the following reasons, we affirm the judgments of the trial court.

I. **Course of Proceedings**

{¶ 1} On July 1, 2024, in Champaign C.P. No. 2024 CR 086, Monroe was indicted by a Champaign County grand jury on two counts of aggravated possession of drugs, fifth-degree felonies in violation of R.C. 2925.11(A). These offenses related to events that occurred on June 23, 2024.

{¶ 2} On October 7, 2024, in Champaign C.P. No. 2024 CR 144, Monroe was indicted by a Champaign County grand jury on two counts of aggravated possession of drugs, fifth-degree felonies in violation of R.C. 2925.11(A). These offenses related to events that occurred on September 22, 2024. Monroe pleaded not guilty in both of his criminal cases.

{¶ 3} On November 7, 2024, the trial court issued a journal entry finding bond violations in both of Monroe's criminal cases after he admitted to using illegal controlled substances in October and November 2024 and to failing to attend TCN Intensive Outpatient treatment.

{¶ 4} On November 18, 2024, the State filed a motion to revoke bond in both cases due to Monroe's alleged failure to be a law-abiding citizen as required in his conditions of bond. According to the State, Monroe had been charged with driving under suspension in

2

a Champaign County Municipal Court case and failed to appear for his scheduled court hearing.

{¶ 5} On December 2, 2024, the State filed a bill of information in Case No. 2024 CR 144 charging Monroe with one count of operating a vehicle while under the influence of a listed controlled substance ("OVI"), a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(j). Monroe pleaded not guilty to this additional count.

{¶ 6} On December 3, 2024, the trial court issued an entry finding additional bond violations in Monroe's two criminal cases based on his admissions that he drove under suspension in November 2024 and tested positive for alcohol in December 2024.

{¶ 7} On December 23, 2024, the trial court found Monroe guilty of additional bond violations after he admitted to testing positive for cocaine and alcohol and failing to follow an order of pretrial services.

{¶ 8} Monroe and the State entered into a plea agreement to resolve Case Nos. 2024 CR 086 and 2024 CR 144. In Case No. 2024 CR 144, he pleaded guilty to OVI and to one count of aggravated possession of drugs, and in Case No. 2024 CR 086, he pleaded guilty to one count of aggravated possession of drugs. In return for Monroe's guilty pleas, the State agreed to request dismissal of the remaining counts of aggravated possession of drugs in Case Nos. 2024 CR 086 and 2024 CR 144. The trial court accepted Monroe's guilty pleas and found him guilty of two counts of aggravated possession of drugs and one count of OVI. The court dismissed the remaining counts in his two criminal cases.

{¶ 9} On January 31, 2025, following a sentencing hearing, the trial court sentenced Monroe to 12 months in prison in Case No. 2024 CR 086 and to 12 months in prison for aggravated possession of drugs and 150 days in jail for OVI in Case No. 2024 CR 144. The court ran the sentences in Case No. 2024 CR 144 concurrently with each other but

3

consecutive to the sentence in Case No. 2024 CR 086, for a total prison sentence of 24 months. In imposing consecutive sentences, the trial court found that consecutive sentencing was necessary to protect the public from future crime or to punish Monroe and that consecutive sentences were not disproportionate to the seriousness of Monroe's conduct and to the danger Monroe poses to the public. R.C. 2929.14(C)(4). The court also found that Monroe's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Monroe. R.C. 2929.14(C)(4)(c). The court ordered Monroe to pay court costs and fines.

{¶ 10} Monroe timely appealed.

## II. Assignment of Error

{¶ 11} Monroe's assignment of error states:

The record does not support the trial court's finding of a consecutive sentence.

{¶ 12} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Under this statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either: (1) that the record does not support certain specified findings (including those in R.C. 2929.14(C)(4), which concern the imposition of consecutive sentences); or (2) that the sentence imposed is otherwise contrary to law. R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

4

**{¶ 13}** "Ohio law presumes that a defendant convicted of multiple crimes will serve his sentences concurrently." *State v. Glover*, 2024-Ohio-5195, ¶ 38, citing R.C. 2929.41(A). A trial court may, however, impose consecutive sentences when the law specifically permits it to do so, such as the exception provided by R.C. 2929.14(C)(4). *Glover* at ¶ 38, citing R.C. 2929.41(A). Under R.C. 2929.14(C)(4), to impose consecutive sentences, the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following apply:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Only one of the three potential findings under R.C. 2929.14(C)(4)(a)-(c) is required to impose consecutive sentences. *State v. Parrish*, 2023-Ohio-2409, ¶ 24 (2d Dist.).

{¶ 14} To impose consecutive prison sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus. Under R.C. 2953.08(G)(2), "where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, ¶ 38 (2d Dist.). This is a deferential standard of review of the trial court's consecutive-sentence findings, and it prohibits an appellate court from simply substituting its judgment for that of the trial court. *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

{¶ 15} Monroe argues that there is no evidence in the record that a consecutive sentence was necessary to protect the public from future crime or to punish the offender. Appellant's Brief, p. 4. He further contends that the imposition of consecutive prison sentences for two fifth-degree felony possession convictions was disproportionate to the seriousness of his conduct and the danger he posed to the public. According to Monroe, he clearly "had an issue staying clean. There is no evidence that he posed a danger to the public. He posed a danger to himself by failing to remain drug-free. His acts of possessing drugs were not posing a danger to the public." *Id.* at p. 4-5.

{¶ 16} The State responds that the record provided a substantial basis for the imposition of consecutive prison sentences. According to the State, the following facts supported the consecutive prison sentences: Monroe's two felony drug possession offenses arose from two separate traffic stops approximately three months apart; his driver's license was suspended at the time of both traffic stops; he admitted to recent drinking and drug use and had drug paraphernalia inside the vehicle; his conviction for OVI is an

6

inherently dangerous crime that places the public at risk of harm; he had a number of bond violations; he had a history of juvenile adjudications; and as an adult, he had a lengthy felony history and two prior OVI convictions. Appellee's Brief, p. 5. The State contends that the circumstances surrounding Monroe's two separate drug possession cases "indicate that consecutive sentences were not disproportionate to the seriousness of his conduct and danger he posed to the public, especially against the backdrop of his extensive criminal history." *Id.* The State concludes that Monroe's "criminal history of similar offenses, combined with his rejection of rehabilitative resources on bond, demonstrated that he continued to pose a danger to the public, such that consecutive sentences were necessary to protect the public from future crime by him." *Id.* at p. 5-6.

{¶ 17} At the sentencing hearing, the trial court stated that it had reviewed the pre-sentence investigation report, statements of counsel, and statements of Monroe. The court explained in detail why it had decided to impose consecutive prison sentences, including going through some of Monroe's lengthy criminal history and how his recent criminal actions had escalated the risk of harm to the public. The court then stated that (1) consecutive sentencing was necessary to protect the public from future crime or to punish Monroe; (2) consecutive sentences were not disproportionate to the seriousness of the conduct and danger that Monroe poses to the public; and (3) Monroe's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Monroe. The trial court's findings under R.C. 2929.14(C)(4) were also included in the judgment entry.

{¶ 18} Based on our review of the record, we cannot conclude that the trial court's consecutive-sentence findings under R.C. 2929.14(C)(4) were clearly and convincingly unsupported by the record. Therefore, Monroe's sole assignment of error is overruled.

7

### III.    Conclusion

**{¶ 19}** Having overruled Monroe's assignment of error, we affirm the judgments of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.