[Cite as *State v. Fitchpatrick*, 2026-Ohio-485.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. Nos. 30574; 30575; 30576 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2025 CR 01150; |
| v. | : | 2025 CR 01707; 2025 CR 01709 |
| | : | |
| AUSTIN FITCHPATRICK | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 13, 2026, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and HUFFMAN, J., concur.

**OPINION**

MICHAEL MILLS, Attorney for Appellant
JONATHAN MURRAY, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-appellant Austin Fitchpatrick appeals from three judgments of the Montgomery County Common Pleas Court that imposed consecutive prison sentences totaling 108 months.   For the following reasons, we affirm the judgments of the trial court.

##   I.   Procedural History

{¶ 2} On May 9, 2025, in Montgomery C.P. No. 2025 CR 1150, Fitchpatrick was indicted by a Montgomery County grand jury on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony; one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), a fourth-degree felony; one count of obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor; and one count of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor.   These offenses related to events that occurred on April 26, 2025.

{¶ 3} On June 27, 2025, in Montgomery C.P. No. 2025 CR 1707, a bill of information was filed against Fitchpatrick for one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a fourth-degree felony.   This offense related to events that occurred on April 9, 2025.

{¶ 4} Also on June 27, 2025, a second bill of information was filed against Fitchpatrick in Montgomery C.P. No. 2025 CR 1709 for one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a fourth-degree felony. This offense related to events that occurred on April 6, 2025.

{¶ 5} On July 8, 2025, Fitchpatrick entered a plea of no contest to all counts in Case No. 2025 CR 1150, and a plea of guilty to each of the grand theft of a motor vehicle counts in Case Nos. 2025 CR 1707 and 2025 CR 1709. The trial court found him guilty of all charges and ordered Fitchpatrick to appear for sentencing.

{¶ 6} At the July 15, 2025 sentencing hearing, the trial court merged the two counts of having weapons while under disability in Case No. 2025 CR 1150 and sentenced Fitchpatrick to a stated prison term of 36 months. The trial court further imposed a stated prison term of 36 months for tampering with evidence; 18 months in prison for carrying concealed weapons; and 90 days of local incarceration for each of the misdemeanor offenses. The trial court ordered the prison sentences for having weapons while under disability and tampering with evidence to be served consecutively to each other. However, the prison term for carrying concealed weapons and the jail sentences for the misdemeanor offenses were ordered to be served concurrently with all other sentences for a total stated prison term of 72 months in Case No. 2025 CR 1150.

{¶ 7} In Case No. 2025 CR 1707, the trial court sentenced Fitchpatrick to a stated prison term of 18 months for grand theft of a motor vehicle. The trial court similarly imposed a stated prison term of 18 months for grand theft of a motor vehicle in Case No. 2025 CR 1709. The prison sentences in Case Nos. 2025 CR 1707 and 2025 CR 1709 were ordered to be served consecutively to each other and to the sentence in Case No. 2025 CR 1150 for a total stated prison term of 108 months in all three cases.

{¶ 8} In imposing consecutive sentences, the trial court found that consecutive sentences were necessary to protect the public from future crime or to punish Fitchpatrick and that consecutive sentences were not disproportionate to the seriousness of Fitchpatrick's conduct and to the danger he posed to the public. R.C. 2929.14(C)(4). The court further found that Fitchpatrick's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Fitchpatrick. R.C. 2929.14(C)(4)(c). The court ordered Fitchpatrick to pay court costs and fines and to pay restitution in the amount of $7,126.00 in Case No. 2025 CR 1709. Finally, in Case No. 2025 CR 1150, the trial court ordered the forfeiture of a firearm as part of the agreement of the parties.

{¶ 9} Fitchpatrick timely appealed from all three judgments, and we consolidated the appeals.

## II.  Consecutive Sentences

{¶ 10} In his sole assignment of error, Fitchpatrick contends that the trial court failed to make a sufficient record to support consecutive sentences. In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Under this statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either: (1) that the record does not support certain specified findings (including those in R.C. 2929.14(C)(4), which concern the imposition of consecutive sentences) or (2) that the sentence imposed is otherwise contrary to law. R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required

4

'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. In reviewing the imposition of consecutive sentences, an appellate court must "review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed." *State v. Jones*, 2024-Ohio-1083, ¶ 12, citing R.C. 2953.08(F)(1) through (4).

{¶ 11} "Ohio law presumes that a defendant convicted of multiple crimes will serve his sentences concurrently." *State v. Glover*, 2024-Ohio-5195, ¶ 38, citing R.C. 2929.41(A). A trial court may, however, impose consecutive sentences when the law specifically permits it to do so, such as the exception provided by R.C. 2929.14(C)(4). *Id.*, citing R.C. 2929.41(A). Under R.C. 2929.14(C)(4), to impose consecutive sentences, the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following apply:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for

5

any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} To impose consecutive prison sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus. Under R.C. 2953.08(G)(2), "where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, ¶ 38 (2d Dist.). The standard of review of the trial court's consecutive-sentence findings is deferential, and it prohibits an appellate court from simply substituting its judgment for that of the trial court. *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

{¶ 13} Fitchpatrick claims that the trial court failed to make a sufficient record to support consecutive sentences in Case No. 2025 CR 1150 and made no specific findings to support consecutive sentences in Case Nos. 2025 CR 1707 and 2025 CR 1709. The State responds that the trial court made the necessary findings on the record and in the termination entries to support consecutive sentences, which sufficiently demonstrates that the trial court engaged in the appropriate analysis to impose consecutive sentences. The State further argues that the underlying events and Fitchpatrick's lengthy criminal history contained in the pre-sentence investigation report ("PSI") supports the trial court's consecutive sentence findings.

6

**{¶ 14}** At the sentencing hearing, the trial court stated it had reviewed the PSI, statements of the victims, and documents related to restitution. The court heard the arguments of counsel and Fitchpatrick's statements in support of mitigation. The prosecutor noted Fitchpatrick's "extensive criminal history," which prohibited Fitchpatrick from possessing a firearm, and emphasized that a 14-year-old child died as a result of Fitchpatrick's illegal possession of the firearm in the incident underlying Case No. 2025 CR 1150. Tr. 17. Defense counsel acknowledged Fitchpatrick's criminal history but asked the court to consider a community-based correctional facility or concurrent sentences so that Fitchpatrick could turn his life around.

**{¶ 15}** Prior to imposing sentence, the court stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors of the Ohio Revised Code. The court further stated that (1) consecutive sentences were necessary to protect the public from future crime or to punish Fitchpatrick; (2) consecutive sentences were not disproportionate to the seriousness of the conduct and danger that Fitchpatrick poses to the public; and (3) Fitchpatrick's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Fitchpatrick. The trial court included these findings in its judgment entries.

**{¶ 16}** The record reflects that Fitchpatrick, who was 26 years old, had a lengthy juvenile and adult criminal history, including 11 prior felony convictions. Fitchpatrick had been released from prison approximately 2 months prior to the commission of the underlying offenses. Moreover, Fitchpatrick was being sentenced on multiple unrelated cases, which supports the trial court's finding that Fitchpatrick's criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime.

7

Accordingly, we cannot conclude that the record clearly and convincingly fails to support the trial court's R.C. 2929.14(C)(4) findings. Fitchpatrick's assignment of error is overruled.

### III. Conclusion

**{¶ 17}** Having overruled Fitchpatrick's assignment of error, we affirm the judgments of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.