[Cite as *State v. Bradley*, 2018-Ohio-3192.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-64 |
| | : | |
| v. | : | Trial Court Case No. 17-CR-459 |
| | : | |
| TIMOTHY E. BRADLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, 55 Greene Street, 1st Floor, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Timothy E. Bradley appeals from his conviction and sentence following a guilty plea to one count of attempted felonious assault, a third-degree felony.

**{¶ 2}** Bradley advances two assignments of error related to the 30-month prison sentence he received. First, he contends the trial court violated the purposes of felony sentencing. Specifically, he asserts that the trial court "erred in finding the appellant's juvenile record being more significant than his adult record in [its] analysis of protecting society[.]" Second, he claims the trial did not properly apply the statutory "seriousness" and "recidivism" factors. He argues that the trial court "erred in finding the appellant's crime to be serious and appellant is likely to repeat the behavior if appellant is not incarcerated."

**{¶ 3}** The record reflects that Bradley was charged with felonious assault and fourth-degree-felony domestic violence for punching his girlfriend in the face and knocking out her tooth in the presence of their seven-year-old son. He pled guilty to the domestic violence charge and to a reduced charge of attempted felonious assault. At sentencing, the trial court recognized the existence of allied offenses. The State elected to proceed on the attempted felonious assault charge, and the trial court sentenced Bradley to 30 months in prison. Prior to imposing the sentence, the trial court noted that it had considered the record, oral statements by the parties, a victim-impact statement,[1] and a

---

[1] On April 25, 2018, Bradley moved to supplement the record on appeal with the victim-impact statement, which he claimed was not in the record. This court sustained that aspect of the motion on May 16, 2018, noting that the victim-impact statement already had been made part of the record. Indeed, we have reviewed the short statement, which is part of the PSI materials. In its May 16, 2018 decision, this court also denied a request by Bradley's counsel to review the victim-impact statement. In so doing, this court noted that the panel reviewing the case on the merits (i.e., the undersigned judges) could

PSI report. The trial court also noted that it had considered the statutory principles and purposes of sentencing and had balanced the statutory seriousness and recidivism factors.

{¶ 4} In his assignments of error, Bradley challenges the trial court's evaluation and weighing of the principles and purposes of sentencing and the seriousness and recidivism factors. He asserts that the trial court improperly placed undue emphasis on his more extensive juvenile record as opposed to his adult criminal record. He reasons that, prior to the present offense, he had not committed a violent crime for 13 years and that most of his prior adult crimes were relatively "insignificant." Bradley also conducts his own analysis of the statutory seriousness and recidivism factors, concluding that they do not support a 30-month sentence. He claims only one "more serious" factor applies, that he is remorseful, and that he is willing to be rehabilitated. He insists that, based on the record before it, the trial court abused its discretion by imposing a 30-month prison sentence.

{¶ 5} Under R.C. 2953.08(G)(2), however, we do not apply an abuse of discretion standard. Rather, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the

---

reconsider and permit counsel to view the statement, with possible additional briefing. A victim impact statement is confidential, although a court has discretion whether to furnish it to a defendant or counsel. R.C. 2947.051(C). Upon review, we see no need to reconsider this court's prior ruling about viewing the statement. Accompanying the request to view the statement was an affidavit from the victim that largely recounted the contents of the statement itself. In light of this affidavit, which Bradley's counsel submitted, and the relatively innocuous nature of the short statement, we see no need for counsel to view the actual victim-impact statement.

sentence imposed is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2d Dist. Montgomery No. 26307, 2016-Ohio1269, ¶ 25.

{¶ 6} Here Bradley's 30-month sentence for attempted felonious assault is within the authorized statutory range. In addition, no specific findings were required under R.C. 2929.11 or R.C. 2929.12. *State v. Hand*, 2d Dist. Clark No. 2016–CA–51, 2017-Ohio-7340, ¶ 6. Therefore, Bradley's attempted felonious assault sentence is not contrary to law, and he does not argue otherwise.

{¶ 7} The disputed issue is whether the record fails to support the 30-month sentence. Where a sentence is not contrary to law, we may modify or vacate it only if we find by clear and convincing evidence that the record does not support it. *Marcum* at ¶ 7. The record before us does not clearly and convincingly fail to support the trial court's consideration of the statutory principles and purposes of sentencing or the seriousness and recidivism factors.

{¶ 8} The trial court recognized that Bradley, who was 33 years old, had a prior record as a juvenile and an adult. His juvenile history included adjudications for breaking and entering, felony theft, resisting arrest, multiple DUIs, driving under suspension, and other traffic and alcohol-related offenses. His adult record included two prior domestic-violence and assault charges which resulted in pleas to disorderly conduct. It also included a prior domestic-violence conviction as well as convictions for resisting arrest, disorderly conduct, and other things. The trial court additionally noted that Bradley already

had attended an anger management and alcohol treatment program before committing the current offense. In light of Bradley's lengthy record as a juvenile and an adult, his prior opportunity to undergo counseling, the nature of the current offense, his "high risk" score on a risk assessment, and the recommendation of the probation officer who completed the PSI, we do not find that the record clearly and convincingly fails to support Bradley's 30-month prison term. To the contrary, although he believes the pertinent statutory factors and considerations should have been evaluated differently, the trial court engaged in an appropriate analysis and reached a conclusion that is supported by the record.

{¶ 9} Finally, we briefly must address an allied-offense issue that is apparent in the record. As set forth above, the trial court recognized at sentencing that attempted felonious assault and domestic violence were allied offenses, and the State elected to proceed with sentencing on attempted felonious assault. During the sentencing hearing and in its judgment entry, however, the trial court actually sentenced Bradley to a concurrent term of "zero" months in prison for domestic violence. (Sentencing Tr. at 31; Doc. # 37 at 3). Technically, the trial court should not have imposed any sentence for the allied offense of domestic violence. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28 ("[W]hen a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law[.]"). Imposing a separate sentence for an acknowledged allied offense renders the sentence void. *Id.* We need not remand for resentencing here, however, because the State already elected to proceed

with sentencing for attempted felonious assault, and the trial court imposed a sentence for that offense. The proper remedy is simply to vacate the concurrent sentence of zero months in prison for domestic violence. *Id.* at ¶ 32-33.

{¶ 10} For the reasons set forth above, we overrule Bradley's assignments of error. We sua sponte modify the trial court's judgment by vacating the concurrent sentence it imposed for domestic violence. The conviction and sentence for attempted felonious assault are unaffected by our ruling. *See id.* at ¶ 33. As so modified, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., concurs.

FROELICH, J., concurring:

{¶ 11} I write separately only to emphasize that Bradley's "high risk" score on a risk assessment tool (ORAS) does not factor into my agreement that the record does not clearly and convincingly fail to support his sentence. *See, e.g., State v. Lawson,* 2018-Ohio-1532, __N.E.3d__, ¶ 20, 21 (2d Dist.) (Froelich, J., concurring).

Copies mailed to:

Nathaniel R. Luken
Glenda A. Smith
Hon. Michael A. Buckwalter