[Cite as *State v. Pack*, 2018-Ohio-4632.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-52 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-0647 |
| | : | |
| WARREN PACK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** Defendant-appellant, Warren Pack, appeals from the 30-month prison sentence he received in the Clark County Court of Common Pleas after he pled guilty to one count of aggravated trafficking in drugs. In support of his appeal, Pack claims his sentence was contrary to law because it was not supported by the record and was excessive in light of his minimal criminal history and eligibility for community control sanctions. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

**{¶ 2}** On October 24, 2017, Pack was indicted for one count of aggravated trafficking in drugs and one count of aggravated possession of drugs, both felonies of the third degree. Following his indictment, Pack entered a plea agreement and pled guilty to the charge of aggravated trafficking in drugs in exchange for the State dismissing the charge of aggravated possession of drugs. At the plea hearing, the trial court accepted Pack's guilty plea, ordered a presentence investigation report ("PSI"), and scheduled the matter for a sentencing hearing. At the sentencing hearing, the trial court indicated that it had reviewed the PSI, Pack's sentencing memorandum, and the letters submitted on Pack's behalf. After allowing both parties to address the court, the trial court sentenced Pack to 30 months in prison.

**{¶ 3}** Pack now appeals from the 30-month prison sentence and raises one assignment of error for review.

## Assignment of Error

{¶ 4} Pack's sole assignment of error is as follows:

APPELLANT'S 30[-]MONTH PRISON SENTENCE IS CONTRARY TO LAW.

{¶ 5} Under his single assignment of error, Pack contends his 30-month prison sentence was contrary to law because it was not supported by the record and was excessive in light of his minimal criminal history and eligibility for community control sanctions.   We disagree with Pack's claims.

{¶ 6} As a preliminary matter, we note that appellate courts are required to review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.   R.C. 2953.08(G)(2) provides that:

> The appellate court may increase, reduce, or otherwise modify a sentence
> that is appealed under this section or may vacate the sentence and remand
> the matter to the sentencing court for resentencing.   The appellate court's
> standard for review is not whether the sentencing court abused its
> discretion. The appellate court may take any action authorized by this
> division if it clearly and convincingly finds either of the following:
> (a) That the record does not support the sentencing court's findings under
> division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section
> 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever,
> if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶ 7} Pursuant to the plain language of R.C. 2953.08(G)(2), this court may vacate or modify Pack's sentence only if it "determines by clear and convincing evidence that the

record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.), citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 8} In this case, the trial court was not required to make any findings under the "relevant statutes" listed in R.C. 2953.08(G)(2)(a). Although the trial court could have made findings under R.C. 2929.13(D) to overcome the presumption that a prison term was necessary for Pack's offense, *see* R.C. 2925.03 (C)(1)(c), the trial court instead chose to sentence Pack to prison and, therefore, was not required to make any such findings. Since no findings were made under the relevant statutes listed in R.C. 2953.08(G)(2)(a), the pertinent issue is whether Pack's 30-month prison sentence was clearly and convincingly contrary to law.

{¶ 9} "In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing [set forth in R.C. 2929.11] and the seriousness and recidivism factors [set forth in R.C. 2929.12]." (Citation omitted.) *State v. Bradley*, 2d Dist. Greene No. 2017-CA-64, 2018-Ohio-3192, ¶ 5. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Fyffe*, 2018-Ohio-112, 109 N.E.3d 51, ¶ 31 (2d Dist.), quoting *State v. King*, 2013-Ohio-

2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

{¶ 10} However, in exercising its discretion, a trial court must consider the statutory policies set out in R.C. 2929.11 and R.C. 2929.12. *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). A defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014 CA 5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43. Even if there is no specific mention of R.C. 2929.11 or R.C. 2929.12 in the record, it is presumed that the trial court gave proper consideration to those statutes. *State v. English*, 2d Dist. Montgomery No. 26337, 2015-Ohio-1665, ¶ 22.

{¶ 11} In this case, the 30-month prison sentence imposed by the trial court was within the authorized statutory range. *See* R.C. 2929.14(A)(3)(b). In addition, the trial court expressly stated in its sentencing entry that it had "considered the * * * principles and purposes of sentencing under [R.C. 2929.11], and then balanced the seriousness and recidivism factors under [R.C. 2929.12]." Judgment Entry of Conviction (Apr. 11, 2018), Clark C.P. No. 2017-CR-647, Docket No. 23, p. 1. Therefore, contrary to Pack's claim otherwise, Pack's 30-month prison sentence was not clearly and convincingly contrary to law.

{¶ 12} "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum,* 146 Ohio St.3d 516,

2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. Again, this is a very deferential standard of review. If the record does not contain evidence from which we can determine that the sentence was clearly and convincingly improper, then we are without authority to vacate it. In turn, the record must contain substantial affirmative factual information in support of the defendant to conclude that the trial court's sentencing decision was in error. *See State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 40 (2d Dist.).

{¶ 13} After a thorough review, we do not find by clear and convincing evidence that the record fails to support the trial court's sentencing decision, as the record reveals that Pack has a history of drug-related offenses. Specifically, the PSI indicated that on two separate occasions in 2005, Pack was convicted of wrongful use of cocaine while he was serving in the United States Army, which ultimately resulted in Pack being discharged from service under other than honorable conditions. The PSI also established that in January 2018, Pack was convicted of third-degree-felony aggravated possession of drugs in Montgomery County, Ohio, for which Pack received community control sanctions.

{¶ 14} The PSI further indicated that at the time of his sentencing hearing in this case, Pack had additional charges for aggravated possession of drugs, illegal manufacturing of drugs, trafficking in drugs, and illegal use of supplemental benefits pending before the Montgomery County Grand Jury. In addition, Pack was convicted of disorderly conduct in 2012, for which he completed one year of probation. The PSI also indicated that Pack had a juvenile record for committing a crime that would have been charged as a misdemeanor if he had committed it as an adult. We also note that Pack received a moderate risk of recidivism score on the Ohio Risk Assessment System.

{¶ 15} Although Pack's criminal history is not extensive and the record indicates

that Pack suffers from depression and post-traumatic stress disorder as a result of serving in the military, we cannot say the record contains clear and convincing evidence that the 30-month prison sentence was improper.   Rather, the record indicates that Pack has not responded favorably to previous sanctions and that Pack has chosen to continue down a criminal path by engaging in further drug-related activity.

{¶ 16} The fact that this court may have imposed a lesser sentence under the circumstances is irrelevant, for it is well established that " 'appellate courts are prohibited from substituting their judgment for that of the trial judge.' "   (Emphasis omitted.) *Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, at ¶ 37, quoting *State v. Overholser*, 2d Dist. Clark No. 2014-CA-42, 2015-Ohio-1980, ¶ 38 (Welbaum, J., dissenting).   Simply stated, the trial court's sentence should not be disturbed unless the record overwhelming supports a contrary result, and that is simply not the case here.   *See id.* at ¶ 39.

{¶ 17} For the foregoing reasons, Pack's assignment of error is overruled.

## Conclusion

{¶ 18} Having overruled Pack's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J., concurs in judgment only.

TUCKER, J., concurs.

Copies sent to:

Andrew P. Pickering
Kirsten Knight
Hon. Douglas M. Rastatter