[Cite as *State v. Anderson*, 2020-Ohio-4083.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-80 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-506 |
| | : | |
| EQUAN ANDERSON, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of August, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BRIAN D. BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Equan Anderson, Jr., appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to two counts of violating a protection order.   In support of his appeal, Anderson challenges the aggregate five-year prison sentence imposed by the trial court.   Specifically, Anderson contends that: (1) the record fails to support the trial court's decision to impose consecutive sentences; (2) the record fails to support the trial court's decision to impose an aggregate five-year prison term; and (3) the five-year prison term was otherwise contrary to law.   For the reasons outlined below, we disagree with Anderson's claims; therefore, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On August 13, 2019, a Clark County Grand Jury returned a ten-count indictment charging Anderson with two counts of kidnapping, six counts of violating a protection order, one count of disrupting public service, and one count of intimidation of a victim.   The charges stemmed from several incidents involving Anderson's ex-girlfriend, A.P., who at the time had a civil protection order against Anderson.   The incidents spanned between July 18, 2019, and August 12, 2019.   Relevant to this appeal are the incidents that took place on July 18, 2019.

{¶ 3} According to the bill of particulars, on July 18, 2019, Anderson pulled A.P. out of her vehicle, punched her in the head and face, and prevented her from leaving the area where they were located in Springfield, Ohio.   Anderson also took A.P.'s cell phone so that she could not call 9-1-1 for help and chased her as she fled the scene.   It was also alleged that later the same day, Anderson went to the backyard of A.P.'s home where

he threatened to harm A.P. if she cooperated with law enforcement.

{¶ 4} On September 19, 2019, Anderson entered into a plea agreement with the State whereby he agreed to plead guilty to two counts of violating a protection order under R.C. 2919.27(A)(1), both felonies of the third degree. In exchange for Anderson's guilty plea, the State agreed to dismiss the remaining eight counts in the indictment, as well as a burglary charge in a separate case, Clark C.P. No. 2019-CR-430, in which A.P. was also the victim. The parties further agreed that a presentence investigation ("PSI") would be conducted.

{¶ 5} On October 11, 2019, Anderson appeared for sentencing and made an oral motion to withdraw his guilty plea. The trial court scheduled a hearing on Anderson's motion to take place on October 16, 2019. At that hearing, Anderson presented a notarized letter allegedly written by A.P. that recanted her allegations against him. Anderson also presented testimony from the notary public who witnessed A.P. sign the letter. In order to give Anderson the opportunity to have A.P. testify regarding the letter, the trial court scheduled a final hearing on the motion to take place on October 31, 2019.

{¶ 6} At the final hearing, A.P. appeared and confirmed that she wrote and signed the letter before a notary public. However, A.P. testified that the statements in the letter were false and were not her words. A.P. testified that Anderson called her from jail and persuaded her to write the statements in the letter in exchange for $30. A.P. testified that she simply copied what Anderson told her to write. In light of A.P.s testimony, the trial court overruled Anderson's motion to withdraw his guilty plea.

{¶ 7} On November 6, 2019, Anderson once again appeared before the trial court for sentencing. After reviewing the PSI and hearing statements from counsel and

Anderson, the trial court sentenced Anderson to two years in prison for the first count of violating a protection order and three years in prison for the second count. The trial court ordered those sentences to be served consecutively for a total, aggregate prison term of five years.

{¶ 8} Anderson now appeals from his conviction, raising three assignments of error for review. Because all of Anderson's assignments of error challenge the five-year prison sentence imposed by the trial court, we will review the assignments of error together.

### Assignments of Error

{¶ 9} Anderson contends that: (1) the record fails to support the trial court's decision to impose consecutive sentences; (2) the record fails to support the trial court's decision to impose an aggregate, five-year prison term; and (3) the five-year prison term was otherwise contrary to law.

{¶ 10} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Pursuant to the plain language of R.C. 2953.08(G)(2), this court may vacate or modify Anderson's sentence only if it determines by clear and convincing evidence that: (1) that the record did not support the trial court's findings under relevant statutes; or (2) that the sentence was otherwise contrary to law. *Id.* at ¶ 1.

### *Consecutive Sentences were Not Unsupported By the Record*

{¶ 11} As previously noted, Anderson first claims that the record failed to support

the imposition of consecutive sentences. In order to impose consecutive sentences, the trial court was required to make certain findings under R.C. 2929.14(C)(4), which is one of the relevant statutes referred to in R.C. 2953.08(G)(2). Therefore, in order to reverse the consecutive nature of Anderson's sentences, we must clearly and convincingly find that the record did not support the trial court's findings under R.C. 2929.14(C)(4). *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). This is "a very deferential standard of review," as "the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record failed to support the trial court's findings." (Citations omitted.) *Id.* In applying that standard of review, "the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39.

{¶ 12} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 13} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In this case, the trial court made all the required consecutive-sentence findings at the sentencing hearing by stating the following:

I do find that consecutive sentences are necessary to protect the public from future crime and to punish the defendant, and that it's not disproportionate to the seriousness of [Anderson's] conduct and to the danger he poses to the public. And that [Anderson's] history of criminal conduct while albeit only misdemeanors, the domestic violence is very disturbing, and because of that I find that consecutive sentences are necessary to protect the public from future crime by [Anderson].

Sentencing Tr. p. 20.

{¶ 14} The trial court also properly incorporated its consecutive-sentence findings

into the sentencing entry. *See* Judgment Entry of Conviction. Anderson, nevertheless, claims that the record fails to support the trial court's consecutive-sentence findings. We disagree.

{¶ 15} A review of the PSI in this case establishes that Anderson was twice convicted of criminal damaging in 2017 and 2019. Anderson was also convicted of misdemeanor domestic violence in 2007 after he forced the mother of one of his children into a bathroom, pushed her into the wall, banged her head against the wall approximately five times, choked her, and then chased her down when she tried to run away. The PSI also indicates that in 2018, Anderson was arrested and charged for allegedly entering the locked residence of the mother of his other three children, where he choked and punched her multiple times while their children were at home. Although a jury found Anderson not guilty of the 2018 charges, a sentencing court may consider facts supporting a charge that resulted in a not-guilty verdict/acquittal. *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991); *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8; *State v. Ramey*, 2d Dist. Clark No. 2007-CA-130, 2009-Ohio-425, ¶ 14. In any event, the trial court specifically stated that because the domestic violence charge from 2018 was "dismissed," the court was "really not going to give [that charge] much weight" when imposing a sentence. Sentencing Tr. p. 17.

{¶ 16} As for the offenses Anderson pled guilty to, the police report included with the PSI indicated that on the day in question, Anderson agreed to meet A.P. at an apartment complex in Springfield so that he could give her gas money. When A.P. arrived in her vehicle, Anderson became upset when A.P. advised him that she had not dropped the burglary charge against him in Case No. 2019-CR-430. Upon becoming

upset, Anderson took the keys from the ignition of A.P.'s vehicle, pulled A.P. out of the vehicle, and threw her to the ground. Anderson then proceeded to punch A.P. multiple times in the back of the head and face while her 8-year-old son was in the vehicle watching. Anderson then took A.P.'s cell phone and prevented her from leaving the area so that she could not contact 9-1-1 for help. When A.P. tried to run away, Anderson chased after her, grabbed her, forced her back to the area of her vehicle, and threw her to the ground. A.P. reported that Anderson then told onlookers that they "better show up to court" and "have his back." Anderson then called A.P. a "bitch" and told her that "he would get out of this situation just as he did with his 'babies mamma.' "

{¶ 17} The police report also indicated that Anderson went to A.P.'s apartment later the same day. A.P. reported that Anderson knocked on her door and asked to be let in, but she refused. A.P. then heard Anderson attempt to open the screen to one of her windows. When officers arrived at the scene, Anderson was found outside in the yard directly behind A.P.'s apartment.

{¶ 18} In addition to the information contained within the PSI, the record indicates that Anderson continued to contact A.P. while he was in jail. As previously noted, A.P. testified that Anderson made arrangements for her to copy and sign a false letter that recanted her allegations against him in exchange for money. The record also establishes that Anderson failed to show any remorse for his conduct, as he continually accused A.P. of lying and blamed his current legal situation on A.P.'s mental health. Based on the foregoing information, we do not find that the record clearly and convincingly fails to support the trial court's consecutive-sentence findings.

*Anderson's Sentence was Not Contrary to Law or Unsupported by the Record*

**{¶ 19}** In addition to challenging the consecutive nature of his sentences, Anderson contends that his sentences were contrary to law and that the record did not support the trial court's decision to impose an aggregate five-year prison term. Specifically, Anderson claims that the trial court erred in imposing the maximum three-year prison term for his second count of violating a protection order and that community control sanctions should have been imposed for both of his protection order violations.

**{¶ 20}** "In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing [set forth in R.C. 2929.11] and the seriousness and recidivism factors [set forth in R.C. 2929.12]." (Citation omitted.) *State v. Bradley*, 2d Dist. Greene No. 2017-CA-64, 2018-Ohio-3192, ¶ 5. " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Fyffe*, 2018-Ohio-112, 109 N.E.3d 51, ¶ 31 (2d Dist.), quoting *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

**{¶ 21}** When exercising its discretion, a trial court must consider the statutory policies set out in R.C. 2929.11 and R.C. 2929.12. *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). A defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014-CA-5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d

Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43.

{¶ 22} In this case, the two and three-year prison terms imposed by the trial court for Anderson's protection order violations were within the authorized statutory range for third-degree felonies. *See* R.C. 2929.14(A)(3)(b). In addition, the trial court expressly stated in its sentencing entry that it had "considered the * * * principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Judgment Entry of Conviction. Therefore, contrary to Anderson's claim, his aggregate five-year prison sentence was not clearly and convincingly contrary to law.

{¶ 23} "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. "Again, this is a very deferential standard of review." *State v. Pack*, 2d Dist. Clark No. 2018-CA-52, 2018-Ohio-4632, ¶ 12. "If the record does not contain evidence from which we can determine that the sentence was clearly and convincingly improper, then we are without authority to vacate it." *Id.* "In turn, the record must contain substantial affirmative factual information in support of the defendant to conclude that the trial court's sentencing decision was in error." *Id.*, citing *Withrow*, 2016-Ohio-2884, 64 N.E.3d 553 at ¶ 40.

{¶ 24} After a thorough review of the record, we do not find by clear and convincing evidence that the record failed to support the trial court's sentencing decision. Although Anderson had no prior felony convictions, the PSI established that he had a criminal history of domestic violence toward women. The similarities between A.P.'s allegations

and the allegations of Anderson's prior victims established a disturbing pattern of violent conduct by Anderson. The record also established that Anderson had no regard for protection orders. In committing the protection order violations at issue, Anderson violated A.P.'s protection order twice in the same day and then continued to contact A.P. while he was in jail. Anderson was also charged with four other counts of violating a protection order between July 19, 2019 and August 12, 2019. Therefore, the record indicated that Anderson did not take protection orders seriously. Based on the foregoing, we cannot say that Anderson's aggregate five-year prison sentence was unsupported by the record.

{¶ 25} For the foregoing reasons, Andersons first, second, and third assignments of error are overruled.


**Conclusion**

{¶ 26} Having overruled all of Anderson's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

John M. Lintz
Brian D. Brennaman
Hon. Douglas M. Rastatter