[Cite as *State v. Barnard*, 2020-Ohio-5204.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-27 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CR-164 |
| | : | and 2019-CR-130 |
| TIMOTHY JAMES BARNARD | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of November, 2020.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Timothy James Barnard appeals from his conviction, following his guilty pleas, to one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree, and one count of operating a vehicle while under the influence ("OVI"), in violation of R.C. 4511.19(A)(j)(iii)(G)(1)(a), a misdemeanor of the first degree, in Champaign C.P. No. 2019-CR-130. Barnard further admitted to violating the terms of his community control sanctions in Champaign C.P. No. 2017-CR-164, in which he had previously been convicted of theft. The trial court revoked Barnard's community control sanctions in Case No. 2017-CR-164 and imposed a sentence of 12 months. In Case No. 2019-CR-130, the court imposed a sentence of seven months for possession of cocaine and a concurrent term of six months of local jail time for the OVI offense. The sentences in Case No. 2019-CR-130 were ordered to be served consecutively to those in Case No. 2017-CR-164, for an aggregate term of 19 months.

{¶ 2} Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Barnard's attorney contends that a careful review of the proceedings below failed to reveal any errors by the trial court that were prejudicial to Barnard's rights and upon which an appellate argument could be based. On January 30, 2020, this Court advised Barnard that counsel had submitted an *Anders* brief on his behalf and granted Barnard 60 days to file a pro se brief assigning any errors for our review. None has been received.

{¶ 3} As this Court has previously noted:

> An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18

L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 4} On June 3, 2019, Barnard was indicted in the 2019 case on two counts of possession of cocaine, one count of illegal use or possession of drug paraphernalia, and OVI. Barnard failed to appear at his initial arraignment on June 20, 2019, a capias was issued, and he was arrested on August 26, 2019. He pled not guilty on September 17, 2019.

{¶ 5} Barnard entered his guilty pleas to one count of possession of cocaine and OVI on October 7, 2019; in exchange, the State agreed to dismiss the remaining counts and it agreed to recommend residential community control, specifically placement at Lighthouse Behavioral Health Solutions, if Barnard had no further criminal history other than that already known to the court. At the plea hearing, Barnard indicated his understanding that, if his community control were revoked in the 2017 case, he would receive a sentence of 12 months, and that the maximum sentence for possession of cocaine in the 2019 case was 12 months. The court advised Barnard that there was no

guarantee that he would receive community control and that the court had not committed to a particular sentence. Barnard indicated his understanding that the court was "not obligated to follow the recommendations of the lawyers."

{¶ 6} Barnard also acknowledged that his record included seven juvenile adjudications and four probation violations and, as an adult, "seven sets" of criminal convictions and four probation violations, including the one in this case. The court observed that Barnard had not "responded to sanctioning" or been "satisfactorily rehabilitated," questioning "Why should we send you to a sober living house that isn't even a lockdown facility?"

{¶ 7} The court indicated that it had considered the presentence investigation report in the 2017 case, the community control violation report in the 2019 case, statements of counsel and of Barnard, and the court's interaction with Barnard. The court stated::

> * * * Court finds that at the time he committed the 2019 case he was on community control for two separate felony sets of offenses to Union County Common Pleas Court and was on probation in Champaign County Common Pleas Court. Also, that he has previously served a term of imprisonment.

> In imposing sentence the Court considered and applied the purposes and principles of sentencing as set forth in [R.C.] 2929.11 divisions A, B, C. Court also considered the seriousness of the conduct, likelihood of recidivism, and lack of service in the Armed Forces. * * *

> * * *

In imposing consecutive sentences the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct or to the danger that the Defendant poses to the public. And the Defendant committed one or more of the multiple offenses while he was on community control for a prior offense. And his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant.

{¶ 8} Barnard appeals.

{¶ 9} Counsel for Barnard asserts the following potential assignment of error:

THE TRIAL COURT'S SENTENCE OF 19 MONTHS IMPRISONMENT WAS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.

{¶ 10} As this Court has previously noted:

When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Pursuant to the plain language of R.C. 2953.08(G)(2), this court may vacate or modify [a defendant's] sentence only if it determines by clear and convincing evidence that: (1) that the record did not support the trial court's findings under relevant statutes; or (2) that the sentence was otherwise contrary to law. *Id.* at ¶ 1.

* * *

* * * In order to impose consecutive sentences, the trial court was required to make certain findings under R.C. 2929.14(C)(4), which is one of the relevant statutes referred to in R.C. 2953.08(G)(2). Therefore, in order to reverse the consecutive nature of [a defendant's] sentences, we must clearly and convincingly find that the record did not support the trial court's findings under R.C. 2929.14(C)(4). *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). This is "a very deferential standard of review," as "the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record failed to support the trial court's findings." (Citations omitted.) *Id.* In applying that standard of review, "the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39.

Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following * * * findings are satisfied.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

* * *

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

"[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

*State v. Anderson*, 2d Dist. Clark No. 2019-CA-80, 2020-Ohio-4083, ¶ 10-13.

{¶ 11} Barnard's sentence is not contrary to law.   *See* R.C. 2929.14(A)(5).   The trial court made all the required consecutive-sentence findings at the sentencing hearing, and those findings were incorporated into Barnard's judgment entry of conviction.   As counsel for Barnard recognizes, given Barnard's criminal history and poor performance on probation, we cannot clearly and convincingly find that the record failed to support the trial court's findings.

{¶ 12}   Having conducted our independent review of the entire record pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we conclude that this appeal is wholly frivolous.   In the absence a claim of error having arguable merit, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Kevin Talebi
Michael R. Pentecost
Timothy James Barnard
Hon. Nick A. Selvaggio