**[Cite as *State v. Stewart*, 2023-Ohio-3279.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-44 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0804 |
| | : | |
| CHRISTOPHER STEWART | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 15, 2023

. . . . . . . . . . .

JENNIFER E. MARIETTA, Attorney for Appellant

BEAU P. THOMPSON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Christopher Stewart appeals from a judgment of conviction entered by the Clark County Court of Common Pleas. For the following reasons, we will affirm the judgment in part, reverse it in part, and remand for further proceedings consistent with this opinion.

I.     Facts and Course of Proceedings

{¶ 2} On December 7, 2021, the Clark County grand jury indicted Stewart on one count of domestic violence, a fourth-degree felony in violation of R.C. 2919.25(A), one count of disrupting public service, a fourth-degree felony in violation of R.C. 2909.04(A)(1), and four counts of endangering children, first-degree misdemeanors in violation of R.C. 2919.22(A).   The domestic violence and disrupting public service counts contained firearm specifications.

{¶ 3} On March 14, 2022, the State filed a bill of particulars in which it described events from November 27, 2021.   According to the bill of particulars, Stewart slammed a female victim's head into a wall, held her at gunpoint, smashed her cell phone, and pointed a gun at her three children.

{¶ 4} On May 10, 2022, Stewart entered into a plea agreement with the State.   In exchange for Stewart's guilty plea to one count of disrupting public service and one count of endangering children, the State agreed to dismiss the firearm specifications and the other counts in the indictment.   Further, Stewart agreed to forfeit the property listed on property receipt number 24893, and the State agreed to stand silent at sentencing.   At the beginning of the plea hearing, Stewart and his counsel agreed that he would forfeit the weapons listed on property receipt number 24893.   May 10, 2022 Plea Hearing Tr. 3-4.   At the conclusion of the plea hearing, the trial court found Stewart guilty of one count of disrupting public service and one count of endangering children.

{¶ 5} Stewart's sentencing hearing was held on May 27, 2022.   The trial court

sentenced Stewart to 17 months in prison for disrupting public service and to 180 days in jail for endangering children. The trial court ordered the sentences to be served concurrently. The court did not mention the forfeiture of any of Stewart's property at the sentencing hearing or in the judgment entry.

{¶ 6} Stewart filed a timely notice of appeal. On October 12, 2022, Stewart's assigned counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, in which counsel stated that she had reviewed the trial court proceedings thoroughly and had been unable to identify any meritorious issues to raise on appeal; she requested to withdraw from the case. On January 27, 2023, we set aside appellate counsel's *Anders* brief and allowed her to withdraw from the case. Based on our independent review of the record, we found at least one non-frivolous issue for appeal. Therefore, we appointed new appellate counsel to act as Stewart's advocate on appeal and directed new counsel to "supplement the record with transcripts of any on-the-record proceedings that have not yet been transcribed, review the entire record, and raise any issues that he or she finds have arguable merit." Stewart and the State then filed their respective appellate briefs.

II.     The Trial Court Did Not Order the Forfeiture of Stewart's Property

{¶ 7} Stewart's first assignment of error states:

THE FORFEITURE OF PROPERTY WAS CONTRARY TO R.C. 2941.1417 AND CHAPTER 2981 OF THE OHIO REVISED CODE.

{¶ 8} Stewart contends that the absence of a forfeiture specification in the grand

jury indictment precluded the State from seeking forfeiture of property. According to Stewart, the trial court "did not address the forfeiture at the sentencing hearing, nor memorialize any forfeiture in its May 27, 2022 Sentencing Entry." Appellant's Brief, p. 7. Although Stewart concedes that he agreed on the record at his plea hearing and in writing to forfeit his property, he argues that the trial court was without authority to order forfeiture of the property, because "there were no procedural grounds for his agreement to occur." *Id.* Rather, "the procedures required by R.C. 2941.1417 and Chapter 2981 of the Ohio Revised Code were not followed." Appellant's Brief, p. 7. Stewart concludes that "[i]f the property described in property receipt #24893 remains in State custody, it should be ordered released to Mr. Stewart or his representative." *Id.* at p. 7; Reply Brief, p. 4.

{¶ 9} While forfeiture was part of the plea agreement and was discussed at the plea hearing, there was no mention of forfeiture at the sentencing hearing or in the judgment entry. The only mention of property in the judgment entry was under the "Disposal of Property" section, where the trial court stated:

> IT IS FURTHER ORDERED that any property or evidence held by law enforcement in connection with this case, not otherwise specified in this Entry, may be released, destroyed, converted to law enforcement use, or otherwise disposed of sixty (60) days after the filing of this Entry provided that (1) no appeal is pending and (2) approval is obtained from the Clark County Prosecutor or his Assistant.

{¶ 10} This statement by the trial court did not constitute a forfeiture order. In short, the trial court did not order the forfeiture of Stewart's property. Given that there is

no forfeiture order in the record for us to review, we cannot grant Stewart's requested relief. Therefore, the first assignment of error is overruled.

III. The State Concedes that the Trial Court Failed to Adequately Calculate Stewart's Jail-Time Credit

{¶ 11} Stewart's second assignment of error states:

DEFENDANT WAS NOT PROPERLY AFFORDED JAIL TIME CREDIT IN ACCORDANCE WITH R.C. 2929.19(B)(2)(g)(i).

{¶ 12} In his second assignment of error, Stewart contends that the trial court failed to notify him at the time of sentencing of the total number of days of jail-time credit to which he was entitled. The State concedes that the trial court erred and submits that Stewart is entitled to a resentencing hearing for a determination of jail-time credit. We agree that the trial court erred in failing to specify Stewart's total number of days of jail-time credit, and we sustain Stewart's second assignment of error.

{¶ 13} "Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement on that charge." *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 37, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. R.C. 2929.19(B)(2)(g)(i) provides that, at the sentencing hearing, the trial court must "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being

sentenced[.]" Ohio Adm.Code 5120-2-04(B) likewise provides that the trial court is required to determine "the amount of time the offender served locally before being sentenced" and "must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry[.]" However, it is the duty of the Ohio Department of Rehabilitation and Correction ("ODRC"), not the trial court, to reduce the offender's sentence "by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the [ODRC] * * *." Ohio Adm.Code 5120-2-04(A). "[T]he trial court's obligation in calculating jail-time credit is limited to calculating the total number of days the defendant was confined prior to sentencing." *State v. Dearmond*, 2d Dist. Clark No. 2022-CA-17, 2022-Ohio-3252, ¶ 13.

{¶ 14} Considering the aforementioned requirements, the trial court was obligated to calculate Stewart's jail-time credit at the time of sentencing, to notify Stewart of the number of days of jail-time credit that he was to receive, and to memorialize that information in the judgment entry. Instead, at the sentencing hearing, the trial court informed Stewart that he would "receive credit for time spent in the Clark County jail towards your sentence." May 27, 2022 Sentencing Tr. 9. In the judgment entry, the trial court included jail-time credit as "credit from November 28, 2021 to November 30, 2021 and May 10, 2022 until conveyance to ODRC." The trial court did not properly calculate or inform Stewart of his jail-time credit. Therefore, Stewart is entitled to be resentenced for this limited purpose.

{¶ 15} The second assignment of error is sustained.

IV.     Stewart's Prison Sentence Is Not Contrary to Law

{¶ 16} Stewart's third assignment of error states:

DEFENDANT'S PRISON SENTENCE IS NOT SUPPORTED BY THE RECORD.

{¶ 17} Stewart contends that his sentence was imposed "without meaningful consideration of the principles and purposes of sentencing and the seriousness and recidivism factors proscribed by Ohio Law."   Appellant's Brief, p. 9.   Stewart concedes, however, that the trial court made a finding on the record that he had a prior felony conviction in its judgment entry and mentioned it during the sentencing hearing.   *Id.* at 11.   Further, Stewart notes that "[t]he Court did not make a finding about a firearm being on Mr. Stewart's person although it was a topic of substantial discussion during the Sentencing hearing."   *Id.*   Stewart concludes that, while the trial court made a general statement that it had considered the principles and purposes of sentencing, it "did not engage in any meaningful discussion or factual findings regarding the principles and purposes of sentencing under R.C. 2929.11 or balancing of the seriousness and recidivism factors under R.C. 2929.12."   Appellant's Brief, p. 9.

{¶ 18} The State counters that "the trial court did not have a duty to impose community control sanctions, as the trial court noted that [Stewart] did have prior felony convictions for domestic violence and receiving stolen property."   Appellee's Brief, p. 5. Further, the facts contained in the indictment, bill of particulars, and on the record of the plea hearing "all state[d] that [Stewart] had a firearm in his possession during the

commission of the offense."  *Id.*

**{¶ 19}** When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7.  Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law.  *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

**{¶ 20}** Here, the trial court found that Stewart previously had been convicted of a felony.  R.C. 2929.13(B)(1)(a)(i).  Further, the facts presented by the State at the beginning of the plea hearing established that Stewart had committed the offenses while having a firearm under his control.  R.C. 2929.13(B)(1)(b)(i).  Stewart accepted these facts and pled guilty.  The presentence investigation report (PSI) included these same facts.  Therefore, we cannot conclude that the record does not support the trial court's findings under the relevant statutes enumerated in R.C. 2953.08(G)(2).

**{¶ 21}** As a result, Stewart's sentence may be modified or vacated on appeal only if the sentence is clearly and convincingly contrary to law.  " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider."  (Citation omitted.)  *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11.  For example, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing

factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 22} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8. Indeed, "[a] defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing." (Citations omitted.) *State v. Anderson*, 2d Dist. Clark No. 2019-CA-80, 2020-Ohio-4083, ¶ 21. "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2d Dist. Clark No. 2020-CA-61, 2021-Ohio-3698, ¶ 15.

{¶ 23} In this case, the record establishes that Stewart's 17-month prison sentence is not contrary to law; the sentence is within the authorized statutory range for fourth-

degree felonies. R.C. 2929.14(A)(4). The record also establishes that the trial court considered the factors under R.C. 2929.11 and R.C. 2929.12 before imposing its sentence. On page one of its May 27, 2022 sentencing entry, the trial court stated, in part: "The Court considered the PSI, record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." There is simply nothing in the record indicating that the trial court manifestly ignored an issue or factor that it was statutorily required to consider before sentencing Stewart.

{¶ 24} The third assignment of error is overruled.

V. Conclusion

{¶ 25} Having sustained Stewart's second assignment of error, we will reverse the judgment in part and remand this cause to the trial court to resentence Stewart. The trial court shall inform Stewart of the amount of jail-time credit to which he is entitled and include that determination in the judgment entry. The judgment of the trial court will be affirmed in all other respects.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.