[Cite as *State v. Bulluck*, 2021-Ohio-3613.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2020-CA-33 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2020-CR-148 |
| v. | : | |
| | : | (Criminal Appeal from |
| KYLE K. BULLUCK | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of October, 2021.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

TRAVIS L. KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Kyle K. Bulluck appeals from his November 24, 2020 conviction for one count of burglary, a felony of the third degree, and one count of violation of a protection order, also a felony of the third degree. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal, and he asks permission to withdraw as counsel. By Magistrate's Order filed May 28, 2021, we notified Bulluck that his counsel found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

**Facts and Course of Proceedings**

{¶ 2} Brenda Baker called the police on July 29, 2020, and reported that Bulluck had broken into her home and had assaulted her. She and Bulluck had been in a rocky relationship for many years, and he is the father of her two children. There was a protection order in place, and Bulluck violated the order multiple times. Baker said she had recently moved to Champaign County from Logan County to get away from him. When the police arrived, Bulluck slammed the door and fled. A warrant was issued and he was later arrested.

{¶ 3} Bulluck was indicted on August 3, 2020 for aggravated burglary, a first-degree felony, domestic violence, a third-degree felony, and three counts of violation of a protection order, one as a fifth-degree and two as third-degree felonies. On October 28, 2020, a plea agreement was made where Bulluck, with counsel, agreed to enter guilty pleas to one count of burglary, a third-degree felony, as a lesser and included offense of the indicted aggravated burglary charge, and one count of violation of a protection order,

also a third-degree felony, by way of a bill of information. In exchange the prosecution agreed to dismiss the remaining indicted charges.

{¶ 4} The trial court reviewed with Bulluck his right to be prosecuted by indictment; Bulluck knowingly and intelligently waived his right to indictment on the second charge and agreed to plea to the bill of information and the lesser indicted charge. The record demonstrates that the trial court conducted a complete and thorough Crim.R. 11 colloquy. Bulluck acknowledged that he understood his constitutional rights, the maximum sentences involved, and that if sentenced to prison his sentences could be ordered to be served consecutively for a total of 72 months in prison. He was informed that he would serve three years of mandatory post release control on the burglary charge and non-mandatory three years on the protection order violation charge. The plea agreement included a stipulation that the two charged offenses did not merge. Finally, Bulluck acknowledged that the plea agreement included that three items of evidentiary personal property would be forfeited to the Sheriff's Department and that he would be responsible for court costs and reimbursement of appointed counsel fees.

{¶ 5} The record reflects that Bulluck knowingly, intelligently and voluntarily pled guilty to the two charges. A presentence investigation report (PSI) was ordered.

{¶ 6} On November 24, 2020, a sentencing hearing was held. The prosecutor, defense counsel, the victim and the defendant all spoke to the court. The trial court indicated it had reviewed the PSI, the purposes and principles of sentencing, and the risk and recidivism factors of the Ohio Revised Code. The court noted that Bulluck had seven criminal convictions involving the same victim beginning in 2015. Four of those were prior violations of protection orders involving Baker, including one for which he had served a

prison term. Bulluck stated that Baker had obtained at least 10 protection orders against him, but she would get them dismissed and then would get new ones. He agreed that each of his two children with her were conceived at a time when a protection order was in effect.

{¶ 7} The trial court sentenced Bulluck to 36 months in prison on each offense. The court further found that Bulluck had hit and choked the victim and that he restrained her from calling law enforcement. The court imposed the sentences consecutively, finding that consecutive sentences were necessary to protect the public and to punish the offender. The court further found that consecutive sentences were not disproportionate to the seriousness of the offenses or the danger to the public posed by Bulluck. Finally, the court found that the history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public. All of these findings were also included in the trial court's judgment entry. Correct post release control was imposed for the offenses.

### Potential Assignments of Error

{¶ 8} Counsel's *Anders* brief refers us to two potential assignments of error that were considered but found to be without merit: 1) whether the trial court fully complied with Crim.R. 11, and 2) whether the trial court erred in imposing sentences consecutively. Regarding the plea colloquy, the plea transcript reveals that the trial court scrupulously conducted a thorough and complete Crim.R. 11 plea hearing. Bulluck acknowledged he understood his rights, the charges, the plea agreement and the potential sentencing. There is simply no evidence to the contrary. The record unquestionably supports a conclusion that the plea was properly entered and accepted. Any argument to the contrary

is frivolous.

{¶ 9} Regarding consecutive sentencing, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). Here, the trial court made the appropriate findings at sentencing and included those findings in the sentencing entry. Not only would we be unable to clearly and convincingly find the record fails to support those findings, here the record soundly supports the findings made. On this record there is no reasonable argument to the contrary. Any assignment of error about improper consecutive sentencing is frivolous.

### *Anders* Review

{¶ 10} We also have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the docket, the various filings, the presentence investigation, the written transcripts, and the sentencing disposition. We have found no non-frivolous issues for review.

{¶ 11} We grant counsel's request to withdraw from representation, and we affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.


Copies sent to:

Kevin S. Talebi
Travis L. Kane
Kyle K. Bulluck
Hon. Nick A. Selvaggio